UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT N. MELTZER d/b/a THE MOUNTAIN STATES LAW GROUP,<br><br>       Plaintiff,<br><br>       v.<br><br>THE TRIAL COURT OF THE COMMONWEALTH BY JOHN BELLO, ITS ADMINISTRATOR,<br><br>       Defendant. | CIVIL ACTION NO. 1:22-cv-10230-FDS |

## **<u>DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS</u>**

THE TRIAL COURT OF THE
COMMONWEALTH BY JOHN BELLO, ITS
ADMINISTRATOR,

By its Attorneys

MAURA HEALEY
ATTORNEY GENERAL


*/s/ James Bor-Zale*
James Bor-Zale, BBO # 699125
Special Assistant Attorney General
Government Bureau/Trial Division
One Ashburton Place, Room 1813
Boston, MA 02108
(617) 963-2597
James.Bor-Zale@mass.gov

Date:  April 25, 2022

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................... 1

FACTUAL ALLEGATIONS .................................................................................. 1

STANDARD OF REVIEW ..................................................................................... 2

ARGUMENT ........................................................................................................... 3

   I.  PLAINTIFF LACKS STANDING TO CHALLENGE THE SJC FOURTH
      STANDING ORDER ..................................................................................... 4

   II.  PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF'S
      CLAIM ARE NOW MOOT ........................................................................ 5

   III.  PLAINTIFF'S CLAIMS ARE BARRED BY SOVEREIGN IMMUNITY AND
      ABSOLUTE JUDICIAL IMMUNITY ........................................................ 8

      A. Sovereign Immunity Has Not Been Abrogated For The Type
        of Title II Claim Alleged Here ................................................................ 8

      B. Absolute Judicial Immunity Bars Plaintiff's Title II Claims ............................... 11

   IV. PLAINTIFF HAS NOT PLAUSIBLY ALLEGED THE ELEMENTS OF A TITLE II
      ADA CLAIM IN ANY EVENT ................................................................... 12

      A. Plaintiff Has Not Plausibly Alleged That He Is A Qualified
        Individual With A Disability ................................................................... 12

      B. Reasonable Steps Were Taken By The Trial Court To Allow
        Plaintiff To Meaningfully Access The Courthouse .............................................. 14

      C. Plaintiff's Refusal To Comply With The Supreme Judicial
        Court's Fourth Standing Order Was The Reason Why
        Plaintiff Cannot Physically Enter A State Courthouse or Facility ...................... 16

CONCLUSION ....................................................................................................... 17

# TABLE OF AUTHORITIES

**Cases**

*Adams Road Company LLC v. Nancie Picconi*,
No. 2085CV00362 (Mass. Super.) ...................................................................................... 14, 16

*American Civil Liberties Union of Mass. v. U.S. Conference of Catholic Bishops*,
705 F.3d 44 (1st Cir. 2013) ............................................................................................. 5, 6, 7

*Board of Trustees of University of Alabama v. Garrett*,
531 U.S. 346 (2001) .................................................................................................... 9, 10, 11

*Bechade v. Baker*,
No. CV 20-11122-RGS, 2020 WL 5665554 (D. Mass. Sept. 23, 2020) ................................ 4, 5

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................................................ 3

*Bessette v. IKO Industries, Inc*,
No. 4:19-cv-40017-TSH, Dkt. 62 (D. Mass.) .................................................................... 14, 16

*Boston Bit Labs, Inc. v. Baker*,
11 F.4th 3 (1st Cir. 2021) ................................................................................................ 5, 6, 8

*Bostwick v. 44 Chestnut St., Wakefield, Mass.*,
176 N.E.3d 622 (Mass. 2021) ................................................................................................ 11

*Buchanan v. Maine*,
469 F.3d 158 (1st Cir. 2006) .................................................................................................... 9

*Carroll v. Xerox Corp.*,
294 F.3d 231 (1st Cir. 2002) .................................................................................................. 13

*City of Los Angeles v. Lyons*,
461 U.S. 95 (1983) .................................................................................................................. 7

*Cox v. Massachusetts Deparment of Correction*,
No. CV 13-10379-FDS, 2018 WL 1586019 (D. Mass. Mar. 31, 2018) ........................ 9, 10, 14

*Cushing v. Packard*,
No. 21-1177, 2022 WL 884195 (1st Cir. 2022) ...................................................................... 11

*Davidson v. Howe*,
749 F.3d 21 (1st Cir. 2014) ................................................................................................. 6, 7

*Delaney v. Baker*,
511 F. Supp. 3d 55 (D. Mass. 2021) ...................................................................................... 10

*DiPasquale v. Milin*,
303 F. Supp. 2d 430 (S.D.N.Y. 2004) ................................................................................... 11

*Freeman v. City of Keene*,
No. 20-CV-963-LM, 2021 WL 3513888 (D.N.H. Aug. 10, 2021) ............................................ 5

*Freeman v. Town of Hudson.*,
714 F.3d 29 (1st Cir. 2013) .................................................................................................... 14

*Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*,
   528 U.S. 167 (2000) ........................................................................................................... 4

*Gagliardi v. Sullivan*,
   513 F.3d 301 (1st Cir. 2008) ............................................................................................. 3

*Genesis HealthCare Corp. v. Symczyk*,
   569 U.S. 66 (2013) .............................................................................................................. 6

*Geness v. Administrative Office of Pennsylvannia Courts*,
   974 F.3d 263 (3d Cir. 2020) ............................................................................................ 11

*Golub v. Northeastern University*,
   No. 19-CV-10478-ADB, 2020 WL 3086050 (D. Mass. June 10, 2020) ................................... 3

*Gordo-González v. United States*,
   873 F.3d 32 (1st Cir. 2017) ............................................................................................... 3

*Gray v. Mills,*
   No. 1:21-CV-00071-LEW, 2021 WL 5166157 (D. Me. Nov. 5, 2021) ................................... 10

*Health Freedom Defense Fund, Inc. v. City of Hailey, Idaho*,
   No. 1:21-CV-00389-DCN, 2022 WL 716789 (D. Idaho Mar. 10, 2022) ............................... 10

*Hill v. United States*,
   No. CV 21-03872 (KM), 2021 WL 3879101 (D.N.J. Aug. 30, 2021) .................................... 11

*Ironshore Specialty Insurance. Co. v. United States*,
   871 F.3d 131 (1st Cir. 2017) ............................................................................................. 6

*Katz v. Pershing, LLC,*
   672 F.3d 64 (1st Cir. 2012) ........................................................................................... 4, 5

*Kiman v. New Hampshire Department of Corrections*,
   451 F.3d 274 (1st Cir. 2006) ............................................................................................. 8

*Mireles v. Waco*,
   502 U.S. 9 (1991) .............................................................................................................. 11

*Northeast Erectors Assocation of BTEA v. Secretary of Labor*,
   62 F.3d 37 (1st Cir. 1995) ................................................................................................. 3

*Newdow v. Roberts*,
   603 F.3d 1002 (D.C. Cir. 2010) ........................................................................................ 7

*Newspaper Guild of Salem, Local 105 of the Newspaper Guild v. Ottaway Newspapers, Inc.*,
   79 F.3d 1273 (1st Cir. 1996) ............................................................................................. 8

*Parker v. Universidad de Puerto Rico*,
   225 F.3d 1 (1st Cir. 2000) ................................................................................... 12, 14, 17

*Ramos-Echevarria v. Pichis, Inc.*,
   659 F.3d 182 (1st Cir. 2011) ........................................................................................... 13

*Tennessee v. Lane*,
   541 U.S. 509 (2004) .......................................................................................................... 10

*Theriault v. Flynn*,
     162 F.3d 46 (1st Cir. 1998) ........................................................................... 15

*Together Employees. v. Mass General Brigham Inc.*,
     No. CV 21-11686-FDS, 2021 WL 5234394 (D. Mass. Nov. 10, 2021) ................................. 13

*Toledo v. Sanchez*,
     454 F.3d 24 (1st Cir. 2006) ........................................................................ 9, 10

*Town of Portsmouth v. Lewis*,
     813 F.3d 54 (1st Cir. 2016) ............................................................................ 8

*United States v. AVX Corp.*,
     962 F.2d 108 (1st Cir. 1992) ........................................................................... 5

*United States v. Georgia*,
     546 U.S. 151 (2006) ................................................................................ 8, 9

*United States v. Sanchez-Gomez*,
     138 S. Ct. 1532 (2018) ................................................................................. 5

*Williams v. United States,*
     No. 221CV503BRMESK, 2021 WL 5356112 (D.N.J. Nov. 17, 2021) ................................... 11

*Wright v. New York State Department of Corrections*,
     831 F.3d 64 (2d Cir. 2016) ........................................................................... 16

**Constitutional Provisions and Statutes**

U.S. Const., Art. III ................................................................................... 4, 5

U.S. Const., Amend. XIV ............................................................................. 9, 10

Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 .................................... *passim*

42 U.S.C. § 12102(1) ................................................................................. 12, 13

42 U.S.C. § 12102(3) ................................................................................. 13, 14

Mass.Gen. Laws. ch. 211, § 3 ........................................................................... 11

**Other Authorities**

Massachusetts Supreme Judicial Court's Fourth Order Regarding Access to State Courthouses &
     Court Facilities ................................................................................... *passim*

Massachusetts Supreme Judicial Court's Fifth Order Regarding Public Access to State
     Courthouses & Court Facilities ................................................................. 2, 3, 6, 8

**Rules and Regulations**

Fed. R. Civ. P. 12(b)(1) ........................................................................ 1, 2, 3, 17

Fed. R. Civ. P. 12(b)(6) ........................................................................ 1, 2, 3, 17

## INTRODUCTION

Defendant The Trial Court of The Commonwealth By John Bello, Its Administrator ("Trial Court") respectfully submits this memorandum in support of its accompanying Motion To Dismiss Plaintiff Robert N. Meltzer's Complaint. Plaintiff, an attorney proceeding *pro se*, alleges that the Trial Court has violated Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, by requiring that he wear a face mask in a state courthouse. Plaintiff also seeks an order vacating the Massachusetts Supreme Judicial Court's Fourth Order Regarding Access to State Courthouses and Court Facilities ("SJC Fourth Standing Order") and asserts that the SJC Fourth Standing Order is "illegal and unconstitutional and null and void and without effect." Dkt. 1, Complaint ("Compl.") at 4.

The Trial Court moves to dismiss Plaintiff's Complaint. Plaintiff has failed to plead adequate facts to establish standing. Moreover, Plaintiff's Complaint is moot given that the SJC Fourth Standing Order has been replaced, superseded, and is no longer in effect. Furthermore, Plaintiff's claims are barred by sovereign immunity and absolute judicial immunity. Beyond those jurisdictional defects, the vague and conclusory allegations in Plaintiff's Complaint fails to state a claim for relief. Plaintiff's Complaint is thus subject to dismissal under Fed. R. Civ. P. 12(b)(1) and (b)(6).

## FACTUAL ALLEGATIONS[1]

Plaintiff Robert N. Meltzer is an attorney licensed to practice law in the Commonwealth of Massachusetts. Compl. ¶ 3. In response to the COVID-19 pandemic, the Massachusetts Supreme Judicial Court ("SJC") issued the SJC Fourth Standing Order in July 2021 requiring, in

---

[1] For the purposes of this motion only, the Trial Court assumes the allegations in Plaintiff's Complaint are true.

part, that face masks be worn while inside a courthouse.  *See id.* at ¶ 44; Dkt. 1-3.  Plaintiff alleges that he has never worn a face mask during the COVID-19 pandemic.  Compl. ¶ 97.

In November 2021, Plaintiff requested that he be exempted under the ADA from having to wear a face mask while inside a courthouse for a Land Court proceeding.  *Id*. ¶ 52; Dkt. 1-5. After considering Plaintiff's request, on November 22, 2021, the Trial Court offered two alternative reasonable accommodations of "appearing via video conferencing (Zoom) or arranging for frequent breaks to leave the courtroom so that you can remove your mask for several minutes at a time." Dkt. 1-5; Compl. ¶ 53.  The following week, on November 29, 2021, Plaintiff wrote that "I am not asking for reasonable accommodation because I do not have a de jure disability" and disagreed that the two options that the Trial Court provided were reasonable. Dkt. 1-6 at 1; Compl. ¶ 55.  On December 27, 2021, the Trial Court responded to Plaintiff articulating again the reasonable accommodations proposed by the Land Court ADA coordinator. Dkt. 1-8.  The Trial Court also noted that the Land Court hearing that Plaintiff could not attend in-person had been conducted by videoconference for all parties and thus Plaintiff's request was moot.  Dkt. 1-8.

Effective March 23, 2022, the SJC repealed and replaced the Fourth Standing Order.  Ex. 1, SJC Fifth Order Regarding Public Access to State Courthouses & Court Facilities ("SJC Fifth Standing Order"); Ex. 2, Repealed SJC Fourth Standing Order.  Under the SJC Fifth Standing Order, "mask wearing is not required inside courthouses."  Ex. 1, SJC Fifth Standing Order at ¶ 3.  In correspondence with the Trial Court, Plaintiff agreed that his Complaint would become moot if the mask wearing requirement was lifted.  Dkt. 1-10 at 2.

## **STANDARD OF REVIEW**

In evaluating a motion to dismiss under Rule 12(b)(1), the Court must determine whether the facts alleged in the complaint, "taken at face value," support subject matter jurisdiction.

*Gordo-González v. United States*, 873 F.3d 32, 35 (1st Cir. 2017).  When considering a motion to dismiss under Rule 12(b)(1) the Court should apply a standard of review similar to that accorded to a dismissal for failure to state a claim Rule 12(b)(6).  *Golub v. Northeastern Univ.*, No. 19-CV-10478-ADB, 2020 WL 3086050, at *6 (D. Mass. June 10, 2020).  In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege a set of facts "plausibly suggesting (not merely consistent with)" an entitlement to relief.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  This "requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not suffice."  *Id*.  Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008).  "When faced with motions to dismiss under both 12(b)(1) and 12(b)(6), a district court, absent good reason to do otherwise, should ordinarily decide the 12(b)(1) motion first."  *Ne. Erectors Ass'n of BTEA v. Sec'y of Labor*, 62 F.3d 37, 39 (1st Cir. 1995).

## **ARGUMENT**

Plaintiff asserts that the Trial Court has violated Title II of the ADA by not allowing him to physically enter a courtroom without a face mask.  *See* Compl. ¶¶ 87-107.  At the outset, Plaintiff lacks standing to bring this suit and this Court therefore lacks subject matter jurisdiction.  Furthermore, Plaintiff's claims are now moot and there is no case or controversy subject to federal court jurisdiction because the SJC Fourth Standing Order, which required face masks, has been superseded by the Fifth Standing Order, which no longer requires face masks.  Beyond all this, Plaintiff's claims are barred by sovereign immunity and absolute judicial immunity.  And even if they were not barred, Plaintiff's Complaint still does not plausibly allege the elements needed to bring a claim under Title II of the ADA.

## I.   PLAINTIFF LACKS STANDING TO CHALLENGE THE SJC FOURTH STANDING ORDER

To establish standing under Article III, a plaintiff must show that (1) he has suffered an "injury in fact"; (2) his injury is "fairly traceable to the challenged action of the defendant"; and (3) his injury is likely to "be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-181 (2000).  An "injury in fact" is an injury "that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Id.* at 180.  The first requirement, particularity, "demands that a plaintiff must have personally suffered some harm." *Katz v. Pershing, LLC*, 672 F.3d 64, 71 (1st Cir. 2012). The second requirement, actuality or imminence, "ensures that the harm has either happened or is sufficiently threatening; it is not enough that the harm might occur at some future time." *Id.*

Plaintiff has not suffered an injury in fact.  Although Plaintiff generally objects to the lawfulness of the (now repealed) SJC Fourth Standing Order regarding mask wearing (*see, e.g.,* Compl. ¶¶ 31-34, 100-104), mere disagreement does not transform Plaintiff's claim into an injury in fact.  Here, Plaintiff concedes that he has not *personally* worn a mask during the entirety of the COVID-19 pandemic (*see* Compl. ¶ 97) and thus has not established any concrete and particularized injury with respect to the mask requirement. *See Katz*, 672 F.3d at 71.

Plaintiff's failure to establish any concrete and particularized injury makes this case analogous to *Bechade v. Baker*, No. CV 20-11122-RGS, 2020 WL 5665554 (D. Mass. Sept. 23, 2020).  There, much like in this case, the plaintiff challenged the legality of a mask requirement although did not allege that she was personally forced to wear a mask. *Bechade*, 2020 WL 5665554 at *2.  The court concluded that the plaintiff had not shown that the mask requirement caused her any concrete and particularized or actual or imminent harm and that the plaintiff "plead[ed] nothing more than disagreement with the policy underlying adoption of the

requirement, and precedent is clear that '[a] mere interest in an event—no matter how passionate or sincere the interest and no matter how charged with public import the event—will not substitute for an actual injury.'" *Id.* at *3 (quoting *United States v. AVX Corp.*, 962 F.2d 108, 114 (1st Cir. 1992)); *see Freeman v. City of Keene*, No. 20-CV-963-LM, 2021 WL 3513888, at *7 (D.N.H. Aug. 10, 2021) ("[Plaintiffs] merely state what they believe the ordinance and orders require them (and others) to do and object to compliance with those perceived requirements").

Furthermore, to the extent Plaintiff means to suggest that his injury was the general threat of not being allowed in a state courthouse, this harm is insufficient to establish standing. Every visitor to a state courthouse faced this same general threat of enforcement when the standing order was in effect, and Plaintiff fails to plead any individual desire or intention to violate the mask requirement which might have distinguished him from other court visitors. *See Katz*, 672 F.3d at 71; *Bechade*, 2020 WL 5665554, at *3. Plaintiff thus has not shown that such a threat is concrete and particularized to him or actual or imminent.

## II.     PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF'S CLAIM ARE NOW MOOT

This Court's jurisdiction under Article III extends only to "Cases" and "Controversies." U.S. Const. Art. III, § 2, cl. 1. A lawsuit becomes moot—and thus no longer a case or controversy subject to federal court jurisdiction—when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Am. Civil Liberties Union of Mass. v. U.S. Conference of Catholic Bishops*, 705 F.3d 44, 52 (1st Cir. 2013) ("*ACLUM*"); *Bos. Bit Labs, Inc. v. Baker*, 11 F.4th 3, 8 (1st Cir. 2021) ("*Bit Labs*"). "Another way of putting this is that a case is moot when the court cannot give any 'effectual relief' to the potentially prevailing party." *ACLUM*, 705 F.3d at 52. To remain subject to federal court jurisdiction, "a dispute 'must be extant at all stages of review, not merely at the time the complaint is filed." *United States v. Sanchez-*

*Gomez*, 138 S. Ct. 1532, 1537 (2018).   "This requirement ensures that the Federal Judiciary confines itself to its constitutionally limited role of adjudicating actual and concrete disputes, the resolutions of which have direct consequences on the parties involved."   *Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013).

Plaintiff in this case has brought suit to challenge the SJC Fourth Standing Order insofar as it required Plaintiff to wear a face mask in a state courthouse.[2]   This order has now been superseded; as of March 23, 2022, under the SJC Fifth Standing Order, Plaintiff may now choose to forego wearing a face mask in a state courthouse.  *See* Ex. 1, SJC Fifth Standing Order at ¶ 3.[3]

Because this Court can give no "effectual relief" to Plaintiff with respect to his request to vacate the Fourth SJC Standing Order and declare it "illegal and unconstitutional and null and void and without effect," (Compl. at 4), Plaintiff's claim is now moot.  *ACLUM*, 705 F.3d at 52; *see also Bit Labs*, 11 F.4th at 9 ("[W]ith the offending executive order wiped away, there is nothing harming [Plaintiff] and thus nothing left for us to do that would make a difference to its legal interests.  And for that reason, [Plaintiff's] claims are moot."); *Davidson v. Howe*, 749 F.3d 21, 26 (1st Cir. 2014) (case is moot because "when a challenged [administrative] plan goes out of effect, there is literally no controversy left for the court to decide—the case is no longer live.  More still, a court can provide no meaningful relief to the challenging party since, once the plan ceases to be operative, there is no plan left to enjoin") (internal citations and quotation marks omitted).

---

[2] Although Plaintiff includes a cursory recitation regarding damages (Compl. at 27; Dkt. 1-7), the Complaint fails to plausibly allege that Plaintiff was damaged in any way.

[3] As noted in a document attached to Plaintiff's Complaint, Plaintiff concedes that his Complaint would be moot if the mask wearing requirement is lifted.  Dkt. 1-10.  This Court may consider documents central to Plaintiff's claims or documents sufficiently referred to in the complaint. *See Ironshore Specialty Ins. Co. v. United States*, 871 F.3d 131, 135 (1st Cir. 2017).

Nor can Plaintiff's claim survive under the narrow exceptions to the mootness doctrine. First, Plaintiff's claims do not challenge conduct that is, by its nature, "capable of repetition yet evading review."  "The capable-of-repetition doctrine applies only in exceptional situations," *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983), "where a plaintiff can show that '(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subject to the same action again.'"  *ACLUM*, 705 F.3d at 57.  Plaintiff can satisfy neither of these prongs.

As to the first prong of this test, Plaintiff did not initiate this litigation until February 10, 2022, nearly *seven months* after the SJC Fourth Standing Order went into effect.  "The capable-of-repetition doctrine is not meant to save mooted cases that may have remained live but for the neglect of the plaintiff."  *Newdow v. Roberts*, 603 F.3d 1002, 1009 (D.C. Cir. 2010); *see also ACLUM*, 705 F.3d at 57 (rejecting application of capable-of-repetition-yet-evading-review exception where alleged misconduct "could have been challenged much earlier").

Plaintiff also cannot satisfy the second prong of this test because he cannot establish a "reasonable expectation" or "demonstrated probability" that the SJC will issue a future order requiring face masks in state courthouses in order to protect public health from another severe outbreak of the coronavirus.  *ACLUM*, 705 F.3d at 57.  Although Plaintiff may speculate about a new wave of infections that might necessitate another temporary requirement of face mask wearing in state courthouses, his argument would be just that:  speculation.  It would depend on many unknown factors, including that (1) there will be another statewide outbreak of COVID-19 requiring a statewide response, as opposed to a more targeted or local response, even though social distancing and related public health measures remain in place in order to prevent such an occurrence; and (2) that the SJC would respond to such an outbreak with the same order

requiring face masks to contain the new outbreak.  *See Davidson*, 749 F.3d at 26-27 (capable-of-repetition-yet-evading-review doctrine requires a reasonable expectation that the complaining party would be subject to the same "alleged illegality").  Such speculation about events that might or might not come to pass is insufficient to save moot claims from dismissal under the capable-of-repetition-yet-evading-review exception to mootness.  *See Newspaper Guild of Salem, Local 105 of the Newspaper Guild v. Ottaway Newspapers, Inc.*, 79 F.3d 1273, 1278 (1st Cir. 1996) ("[A] mere speculative possibility of repetition of the challenged conduct cannot avoid application of the mootness doctrine").

Second, this case is not one in which a defendant's voluntary cessation of the challenged conduct saves moot claims from dismissal.  The voluntary cessation doctrine has no applicability here because the SJC did not rescind the face mask requirement to "moot the plaintiff's case" and there is no "reasonable expectation that the challenged conduct will be repeated following dismissal of the case."  *Town of Portsmouth v. Lewis*, 813 F.3d 54, 59 (1st Cir. 2016).  Instead, the SJC rescinded the face mask requirement because the current situation in the Commonwealth with respect to COVID-19—namely, that the number of COVID-19 cases in Massachusetts has declined—has reduced the need for masks in the Commonwealth's courthouses.  *See* Ex. 1, SJC Fifth Standing Order; *see also Bit Labs*, 11 F.4th at 10 (no evidence of any "litigation-scheming suspicions typically associated with defendant-initiated mootness").

### III.   PLAINTIFF'S CLAIMS ARE BARRED BY SOVEREIGN IMMUNITY AND ABSOLUTE JUDICIAL IMMUNITY

#### A.  Sovereign Immunity Has Not Been Abrogated For The Type of Title II Claim Alleged Here

Plaintiff's claims must be dismissed because there has been no "unequivocal expression of Congress's intent to abrogate state sovereign immunity" for the type of ADA Title II claim alleged here.  *United States v. Georgia*, 546 U.S. 151, 154 (2006); *Kiman v. New Hampshire*

*Dep't of Corr.*, 451 F.3d 274, 291 (1st Cir. 2006).  Whether sovereign immunity permits Title II claims against the state is determined on a claim-by-claim basis.  *See Georgia*, 546 U.S. at 159. The Supreme Court has held that Title II of the ADA validly abrogates state sovereign immunity insofar as it "creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment."  *Id*. (emphasis in original).  For claims involving conduct that does not actually violate the Fourteenth Amendment, Title II may nonetheless abrogate sovereign immunity if Congress's proscription of that "class of conduct" constitutes a valid exercise of its § 5 enforcement powers.  *Id.*  So, in short, "for each claimed ADA violation, the complained-of conduct (1) must violate Title II and (2) either (a) must violate the Fourteenth Amendment or (b) its proscription must bear congruence and proportionality to the rights protected under that Amendment."  *Cox v. Massachusetts Dep't of Correction*, No. CV 13-10379-FDS, 2018 WL 1586019, at *9 (D. Mass. Mar. 31, 2018); *see Buchanan v. Maine*, 469 F.3d 158, 172-73 (1st Cir. 2006).  Here, the SJC Fourth Standing Order is not in violation of, and there are no rights congruent or proportional to, the Fourteenth Amendment; consequently, Plaintiff's claim is barred.

"Whether legislation is a valid exercise of Congress's § 5 enforcement powers is determined under a three-pronged inquiry: (1) first, the court must 'identify with some precision the scope of the constitutional right at issue,' *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 346, 365 (2001); (2) second, the court must determine whether Congress identified a history and pattern of unconstitutional conduct by the states with respect to that right, *id.* at 368; and (3) third, the legislation must be a 'congruent and proportional response to [the] history and pattern of unconstitutional discrimination."  *Cox*, 2018 WL 1586019, at *9 (quoting *Toledo v. Sanchez*, 454 F.3d 24, 39 (1st Cir. 2006)).  "In the First Circuit, the analysis focuses 'on the particular category of state conduct at issue,' rather than on the full range of constitutional rights protected

under the ADA and the concomitant wide range of state conduct potentially violating those rights." *Id.* (quoting *Toledo*, 454 F.3d at 35).

Plainly here, none of the three *Garrett* prongs are met. *First*, Plaintiff has not alleged the precise scope of how mandating mask wearing in state courthouses falls under any specific constitutional right. *Cf Toledo*, 454 F.3d at 36 (states' treatment of disabled children in public education). Moreover, courts in this Circuit and beyond have repeatedly held over the past two years that mask mandates, like that contained in the SJC's rescinded Fourth Standing Order, do *not* violate constitutional rights. *See, e.g., Delaney v. Baker,* 511 F. Supp. 3d 55, 75 (D. Mass. 2021) (Governor Baker's order governing face coverings did not violate constitutional rights); *Health Freedom Def. Fund, Inc. v. City of Hailey, Idah*o, No. 1:21-CV-00389-DCN, 2022 WL 716789, at *8 (D. Idaho Mar. 10, 2022) (collecting cases holding that mask mandates do not violate the Fourteenth Amendment). *Second*, there can be no conceivable history or pattern of unconstitutional conduct by the Commonwealth in violation of the Fourteenth Amendment given the unprecedented nature of the novel coronavirus, and the Commonwealth's response to combatting the COVID-19 pandemic over the last two years. *See, e.g., Gray v. Mills,* No. 1:21-CV-00071-LEW, 2021 WL 5166157, at *4 (D. Me. Nov. 5, 2021) ("That Plaintiffs do not identify controlling authority on [mask mandates and other emergency pandemic measures] is to be expected. Faced with an unprecedented global health crisis, Defendants responded with unprecedented public health measures, the constitutionality of which courts had not previously had reason to address. A global pandemic is nothing if not the paradigmatic gray area that calls for public officials to make the best guesses that they can[.]"). *Third*, there is no indication from the legislative history of the ADA that Congress contemplated public health requirements amidst a global pandemic. *See Tennessee v. Lane*, 541 U.S. 509, 527 (2004). Nor is there any indication from the legislative history of the ADA that Congress contemplated direct interference

10

with a state supreme court's superintendence authority over the state court system.  *See Geness v. Administrative Office of Pa. Courts*, 974 F.3d 263, 274 n.12 (3d Cir. 2020) ("The parties do not present and we are not aware of any legal authority that would permit [the defendant] to be found liable [under the ADA] based on judicial conduct").  As none of the three prongs under *Garrett* are met, sovereign immunity has not been abrogated for Plaintiff's specific claim.

### B.  Absolute Judicial Immunity Bars Plaintiff's Title II Claims

Alternatively, the Trial Court enjoys absolute immunity from suit for judicial conduct of the SJC.[4]  *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).  Pursuant to its superintendency authority, the seven Justices of the SJC issued its Fourth Standing Order in response to COVID-19 and consideration of the health and safety of court users and personnel.  Ex. 2, Repealed SJC Fourth Standing Order at 3.  This Order was promulgated by the Justices in their official judicial capacity and within their jurisdiction under Mass. Gen. Laws ch. 211, § 3.  *See Mireles*, 502 U.S. at 11-12; *Bostwick*, 176 N.E.3d at 626 ("[C]ourts have drawn a distinction between a court's administrative functions, which may form the basis for liability under the ADA, and judicial conduct, which enjoys absolute immunity from suit."); *Williams v. United States,* No. 221CV503BRMESK, 2021 WL 5356112, at *5 (D.N.J. Nov. 17, 2021) (concluding that COVID-19 standing orders were issued in a judicial rather than administrative capacity); *Hill v. United States*, No. CV 21-03872 (KM), 2021 WL 3879101, at *3 (D.N.J. Aug. 30, 2021) (same); *see also Cushing v. Packard*, No. 21-1177, 2022 WL 884195, at *20 (1st Cir. 2022) (concluding that ADA did not abrogate legislative immunity with respect to COVID-19-related request for remote participation in legislative proceedings).  Accordingly, Plaintiff's claims are barred.

---

[4] Plaintiff cannot avoid the absolute immunity afforded to judicial conduct by naming the Trial Court as a defendant, rather than the Justices of the Supreme Judicial Court.  *See DiPasquale v. Milin*, 303 F. Supp. 2d 430, 431-432 (S.D.N.Y. 2004); *Bostwick v. 44 Chestnut St., Wakefield, Mass.*, 176 N.E.3d 622, 626 (Mass. 2021).

## IV.    PLAINTIFF HAS NOT PLAUSIBLY ALLEGED THE ELEMENTS OF A TITLE II ADA CLAIM IN ANY EVENT

Even if this Court treats Plaintiff's lawsuit as a live case or controversy (it is not), which survives sovereign and judicial immunity (it does not), it should nonetheless dismiss Plaintiff's lawsuit because he has failed to state a claim upon which relief can be granted.  "Pursuant to the plain language of Title II, a plaintiff must establish: (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability."  *Parker v. Universidad de Puerto Rico*, 225 F.3d 1, 5 (1st Cir. 2000).  Here, not one of the requirements are met and Plaintiff's Complaint must be dismissed.

*First*, Plaintiff has not plausibly alleged that he is a qualified individual with a disability. *Second*, even if Plaintiff has a disability, he was not denied meaningful access to the Trial Court because the Trial Court took reasonable steps to provide Plaintiff with such access, including allowing him to appear via video conferencing or arranging for frequent breaks to allow Plaintiff to remove his face mask.  *Third*, Plaintiff is prohibited from physically entering the courtroom only because of his refusal to comply with the SJC Fourth Standing Order—and not by reason of Plaintiff's purported disability.

### A.  Plaintiff Has Not Plausibly Alleged That He Is A Qualified Individual With A Disability

A disability is a physical or mental impairment that substantially limits one or more of an individual's major life activities.  42 U.S.C. § 12102(1).  "Courts apply a three-prong test to determine disability, considering (1) whether plaintiff has a physical or mental impairment; (2) whether the life activities plaintiff relies upon are 'major' or 'of central importance to daily life'; and (3) whether the impairment substantially limits plaintiff's major life activities."  *Together*

12

*Emps. v. Mass Gen. Brigham Inc.*, No. CV 21-11686-FDS, 2021 WL 5234394, at *6 (D. Mass. Nov. 10, 2021) (citing *Carroll v. Xerox Corp.*, 294 F.3d 231, 238 (1st Cir. 2002)).

Here, conspicuously absent from Plaintiff's 27-page Complaint is any identification of his physical or mental impairment as defined in 42 U.S.C. § 12102(1)(A).[5]  Indeed, Plaintiff expressly stated in correspondence to the Trial Court that he did not "wish to get in to the issue." Dkt. 1-6.  The most Plaintiff provides regarding any alleged physical impairment is Plaintiff's assertion that "his physician has specifically advised against the wearing of face masks in consultation with, and in review of, the Plaintiff's medical status."  Compl. ¶ 88.  Without alleging even the threshold evidence of a medical diagnosis of impairment, Plaintiff cannot meet the first prong.  *See Ramos-Echevarria v. Pichis, Inc.*, 659 F.3d 182, 190 (1st Cir. 2011) (noting that evidence of medical diagnosis of impairment, standing alone, is insufficient to prove a disability).  This is especially true because it appears—based on Plaintiff's allegations and communications with the Trial Court—that his condition purportedly only *becomes* a disability when wearing a face mask.  *See, e.g.*, Dkt. 1-5 (Nov. 22, 2021 Email from Pinkham to Meltzer). But such a temporary "disability" strains credulity, particularly given Plaintiff's representation that he has *never* worn a face mask over the course of the COVID-19 pandemic (*see* Compl. ¶ 97) and that wearing a face mask would allegedly cause him to "suffocate" (*see* Dkt. 1-6).  To the extent that Plaintiff is alleging that such an impairment is only for the temporary duration when he is wearing a face mask, such a disability cannot satisfy 42 U.S.C. § 12102(1)(C).  *See* 42 U.S.C. § 12102(3) ("Paragraph (1)(C) shall not apply to impairments that are transitory and

---

[5] Plaintiff's Complaint also does not identify or raise a record of impairment or being regarded as having such an impairment under 42 U.S.C. § 12102(1)(B) & (C).  *See* Carroll, 294 F.3d at 238 n.4.

minor.  A transitory impairment is an impairment with an actual or expected duration of 6 months or less").

Furthermore, and if there was any impairment, Plaintiff has not presented any evidence that such impairment has substantially limited his major life activities as an attorney.  Plaintiff remains an attorney in good standing in the Commonwealth of Massachusetts and—like much of the legal field—has appeared virtually for court hearings during the past two years.[6]  *See, e.g.,* Ex. 3, Docket and Email to Clerk, *Adams Road Company LLC v. Nancie Picconi*, No. 2085CV00362 (Mass. Super.) (Plaintiff appeared virtually for March 8, 2022 Rule 12 hearing via Zoom as counsel for Picconi); Ex. 4, Docket, *Bessette v. IKO Industries, Inc*, No. 4:19-cv-40017-TSH, Dkt. 62, 64 (D. Mass.) (Plaintiff appeared virtually for July 21, 2020 summary judgment hearing via Zoom as counsel for IKO Industries).  Given these court appearances, and the reasonable accommodations proposed by the Trial Court, Plaintiff has not sufficiently alleged that his work as an attorney was limited by the SJC's Fourth Standing Order.

### B.  Reasonable Steps Were Taken By The Trial Court To Allow Plaintiff To Meaningfully Access The Courthouse

Plaintiff has also not plausibly alleged that that "he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against."  *Parker*, 225 F.3d at 5.  "The second prong generally requires that a plaintiff show that he was denied meaningful access to government benefits and programs, meaning that the defendant failed to take reasonable steps to ensure that the plaintiff can take advantage of its benefits and programs."  *Cox*, 2018 WL 1586019, at *4 (quoting *Theriault v. Flynn*, 162 F.3d 46, 48 (1st Cir. 1998) (cleaned up)).  Plaintiff can make no such

---

[6] This Court may consider matters of public record when reviewing a motion to dismiss for failure to state a claim.  *Freeman v. Town of Hudson*, 714 F.3d 29, 36 (1st Cir. 2013).

showing here.  The Trial Court took reasonable steps to ensure that Plaintiff could participate in all necessary activities by providing Plaintiff the option to appear by video conferencing.  Dkt. 1-5.  Additionally, the Trial Court proposed that Plaintiff be allowed to take frequent breaks to leave the courtroom so that Plaintiff could remove his face mask for several minutes at a time. *Id.*

The undisputable reasonableness of virtual appearances is further underscored by the fact that it was the *only* option at numerous points during the COVID-19 pandemic.  *See, e.g.,* General Order 20-11 (March 30, 2020), U.S. District Court for the District of Massachusetts, https://www.mad.uscourts.gov/general/pdf/announce/Gen.%20Order%2020-11%20-%20Coronavirus%20%20Order%20Concerning%20Video%20TC%20for%20Criminal%20Proceedings-%20March%2030%202020.pdf (authorizing use of video teleconferencing for certain criminal proceedings); General Order 21-14 (Sept. 17, 2021), U.S. District Court for the District of Massachusetts, https://www.mad.uscourts.gov/general/pdf/announce/Gen.Order21-14-Coronavirus-SeventhSuppOrderConcerningVideoTCforFelonyPleasandSentencing.pdf (concluding that certain proceedings "cannot be conducted in person in the District of Massachusetts without seriously jeopardizing public health and safety"); Archived Daily Court Updates March 30 – April 4, 2020, Massachusetts Court System, https://www.mass.gov/service-details/archived-daily-court-updates-march-30-april-4-2020.

Even to this day, virtual hearings are commonplace and remain a reasonable accommodation in both state and federal court.  *See, e.g.,* Ex. 5, Daily Court Schedule for April 25, 2022 - Boston, U.S. District of Massachusetts for the District of Massachusetts (seven judges holding "remote proceeding only" hearings on April 25, 2022); Public Advisory Concerning the Court's Sitting Schedule, United States Court of Appeals for the First Circuit, https://www.ca1.uscourts.gov/ (last visited April 25, 2022) ("The U.S. Court of Appeals for the

First Circuit will hold some of its oral arguments in person and some by video conference during the court's April 2022 session.   Given the continued public health restrictions and limits on public access to the courthouse, the court will also provide live audio access to all arguments."); Remote/Virtual Court Services, Executive Office of the Trial Court, https://www.mass.gov/info-details/guide-to-virtual-hearings (last visited April 25, 2022).

Furthermore, as credit to the reasonableness of the Trial Court's proposal, Plaintiff has appeared virtually for court hearings over the past two years.  *See, e.g.,* Ex. 3, Docket and Email to Clerk, *Adams Road Company LLC v. Nancie Picconi*, No. 2085CV00362 (Mass. Super.) (Plaintiff appeared at March 8, 2022 Rule 12 hearing via Zoom as counsel for Picconi); Ex. 4, Docket, *Bessette v. IKO Industries, Inc*, No. 4:19-cv-40017-TSH, Dkt. 62, 64 (D. Mass.) (Plaintiff appeared at July 21, 2020 summary judgment hearing via Zoom as counsel for IKO Industries).  Having availed himself of these reasonable accommodations, Plaintiff cannot now assert that the Trial Court's proposal was unreasonable.

In sum, it cannot be plausibly claimed that Plaintiff was denied "meaningful access" in view of these proposed accommodations.  *See Wright v. New York State Dep't of Corr.*, 831 F.3d 64, 72 (2d Cir. 2016) ("A reasonable accommodation need not be perfect or the one most strongly preferred by the plaintiff.") (cleaned up).   As a matter of law, the proposed accommodations offered to Plaintiff were reasonable.

### C.  Plaintiff's Refusal To Comply With The Supreme Judicial Court's Fourth Standing Order Was The Reason Why Plaintiff Cannot Physically Enter A State Courthouse or Facility

Effective July 12, 2021 through March 23, 2022, the SJC, pursuant to its superintendence authority, ordered that "[u]ntil further notice, except as provided below, all persons, even if fully vaccinated, must wear a face mask covering their nose and mouth while inside a courthouse." Dkt. 1-3 at ¶ 7.  Even if Plaintiff could satisfy the first two prongs that he was a "qualified

individual with a disability" and "denied meaningful access," Plaintiff cannot show that it was "by reason of the plaintiff's disability." *Parker*, 225 F.3d 1 at 5. For the reasons discussed above in Section A, Plaintiff has not sufficiently pled that he has a disability for the purposes of Title II. Rather, Plaintiff was not permitted in a state courtroom prior to March 23, 2022 because of his refusal to comply with the SJC Fourth Standing Order.

## CONCLUSION

For the foregoing reasons, the Trial Court respectfully requests that the Court dismiss the Plaintiff's Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6).

Respectfully submitted,

Defendant,
THE TRIAL COURT OF THE
COMMONWEALTH BY JOHN BELLO, ITS
ADMINISTRATOR,

By its Attorneys

MAURA HEALEY
ATTORNEY GENERAL


*/s/ James Bor-Zale*
James Bor-Zale, BBO # 699125
Special Assistant Attorney General
Government Bureau/Trial Division
One Ashburton Place, Room 1813
Boston, MA 02108
(617) 963-2597
Date:  April 25, 2022                James.Bor-Zale@mass.gov

17

## **CERTIFICATE OF SERVICE**

     I, James Bor-Zale, Special Assistant Attorney General, hereby certify that the foregoing document and Exhibits 1-5 will be filed through the ECF system and will be sent electronically to the registered participants as identified on the notice of electronic filing (NEF).

*/s/ James Bor-Zale*
James Bor-Zale, BBO # 699125
Special Assistant Attorney General

Dated:  April 25, 2022